KATHLEEN E. FINNERTY, State Bar No. 157638
MARC B. KOENIGSBERG, State Bar No. 204265
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
(916) 442-1111
(916) 448-1709 FAX

Attorneys for Defendants
John and Suzanne Camarena,
Individually and as Trustees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK FUTIA, | CASE NO. C07-2817 PVT |
| Plaintiff, | **ANSWER BY JOHN AND SUZANNE CAMARENA TO PLAINTIFF'S COMPLAINT** |
| v. | |
| JOHN and SUZANNE CAMARENA, Individually, and as Trustees, | |
| Defendants. | |

Defendants JOHN and SUZANNE CAMARENA ("answering defendants") hereby answer the allegations of plaintiff's complaint for declaratory, injunctive and monetary relief filed on May 30, 2007, as follows:

**FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A RESTAURANT (Civil Code §§ 51, 54)**

1. Answering paragraph 1 of the complaint, answering defendants lack sufficient information to respond to those allegations and, accordingly, deny each and every allegation in the paragraph.

///

2.   Answering paragraph 2 of the complaint, answering defendants admit "Dairy Queen" is a restaurant located at 2255 Winchester Blvd., Campbell, California, and that it is open to the public. Answering defendants further admit they own the real property where the restaurant is located, and operate the restaurant.

3.   Answering paragraph 3 of the complaint, answering defendants lack sufficient information to respond to those allegations and, accordingly, deny each and every allegation in the paragraph.

4.   Answering paragraph 4 of the complaint, answering defendants admit this court has jurisdiction over the type and style of the claims brought by plaintiff, but denies the remaining allegations.

5.   Answering paragraph 5 of the complaint, answering defendants admit this court has jurisdiction over the type and style of the claims brought by plaintiff, but denies the remaining allegations.

6.   Answering paragraph 6 of the complaint, answering defendants admit this court has jurisdiction over the type and style of the claims brought by plaintiff, but denies the remaining allegations.

7.   Answering paragraph 7 of the complaint, answering defendants admit the restaurant is open to the public.

8.   Answering paragraph 8 of the complaint, answering defendants state this paragraph is left blank except for the word "placeholder."

9.   Answering paragraph 9 of the complaint, answering defendants admit they own the real property where the restaurant is located, and operate the restaurant, but deny all the remaining allegations.

10.  Answering paragraph 10 of the complaint, answering defendants state this paragraphs contain conclusory statements of law rather than fact, and do not require any response by answering defendants. As to any allegations that are factual in nature, answering defendants lack information sufficient to respond to those allegations and, accordingly, deny each and every allegation in the paragraph.

11. Answering paragraph 11 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

12. Answering paragraph 12 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

13. Answering paragraph 13 of the complaint, answering defendants lack information sufficient to respond to those allegations and, accordingly, deny each and every allegation in the paragraph.

14. Answering paragraph 14 of the complaint, answering defendants deny each and every allegation in the paragraph.

15. Answering paragraph 15 of the complaint, answering defendants deny each and every allegation in the paragraph.

16. Answering paragraph 16 of the complaint, answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants further deny plaintiff is entitled to any declaratory or injunctive relief.

17. Answering paragraph 17 of the complaint, answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants further deny plaintiff is entitled to any declaratory or injunctive relief.

18. Answering paragraph 18 of the complaint, answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants further deny plaintiff is entitled to any declaratory or injunctive relief.

///

///

///

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 U.S.C. §§ 12101

19. Answering paragraph 19 of the complaint, answering defendants incorporate by reference their responses to paragraphs 1 through 18.

20. Answering paragraph 20 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

21. Answering paragraph 21 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

22. Answering paragraph 22 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

23. Answering paragraph 23 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

24. Answering paragraph 24 of the complaint, these allegations are conclusory statements of law rather than fact, and do not require any response by answering defendants.

25. Answering paragraph 25 of the complaint, answering defendants deny each and every allegation of this paragraph.

26. Answering paragraph 26 of the complaint, answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants deny each and every allegation of this paragraph.

///

///

///

27. Answering paragraph 27 of the complaint, answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants deny each and every allegation of this paragraph.

## PRAYER FOR RELIEF

Answering defendants deny plaintiff has been injured in any manner as described in the complaint, and deny plaintiff is entitled to any damages, attorneys' fees or costs. Answering defendants further deny plaintiff is entitled to any declaratory or injunctive relief.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that the complaint fails to allege facts sufficient to constitute a cause of action against answering defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that the complaint is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that the complaint is barred by the doctrine of laches.

///
///
///
///

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that plaintiff has waived, is estopped and barred from alleging the matters set forth in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that the complaint is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that the causes of action set forth in the complaint are barred by the limiting provisions of the California Code of Civil Procedure, including, but not limited to, section 339.

## SEVENTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege the violations alleged by the plaintiff are within the dimensional tolerances allowed by state and federal law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that if plaintiff has been damaged, which proposition is denied, then plaintiff has failed to mitigate such damages.

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Others at Fault)

As a further, separate and affirmative defense to the complaint, and to each cause of action, answering defendants allege that all claims against the Trust are barred because obligations under the complaint, if any, are obligations or breaches of others for which answering defendants are not responsible.

## TENTH AFFIRMATIVE DEFENSE

### (Standing)

As a further, separate and affirmative defense to the complaint, answering defendants allege that plaintiff lacks requisite standing to bring, or continue to bring, the present action for himself or others.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

As a further, separate and affirmative defense to the complaint, answering defendants allege that the purported claim or controversy alleged by the plaintiff is, or has become, moot.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

As a further, separate and affirmative defense to the complaint, answering defendants allege that the purported barriers to access alleged by plaintiff are, or are not readily achievable to be removed, or are otherwise exempt as a matter of law or fact.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exemptions)

As a further, separate and affirmative defense to the complaint, answering defendants allege they, and the facilities are, exempt from compliance with the statutes and/or regulations sought to be enforced by plaintiff.

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causal Connection)

As a further, separate and affirmative defense to the complaint, answering defendants state that alterations or modifications to the facility, if any, preceded plaintiff's alleged visit to the facility.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

As a further, separate and affirmative defense to the complaint, answering defendants state plaintiff is barred from recovery by his own careless, negligent and willful conduct, all of which proximately caused any damage claimed in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a further, separate and affirmative defense to the complaint, answering defendants assert plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof, and did so with the intent to seek a lawsuit and compound damages.

WHEREFORE, answering defendants pray for a judgment as follows:

1. That all legal and/or equitable relief sought in the complaint or against answering defendants whatsoever be denied;

2. That plaintiff's request for attorney's fees and costs be denied;

3. That plaintiff's action be dismissed with prejudice;

4. For reasonable costs of suit and attorney's fees incurred herein; and

5. For such other and further relief as the court deems proper.

DATED: August 31, 2007

GREENBERG TRAURIG, LLP

By /s/ Marc B. Koenigsberg
KATHLEEN E. FINNERTY
MARC B. KOENIGSBERG
Attorneys for Defendants

441145254v1